Gil v New York City Tr. Auth. (2021 NY Slip Op 05025)





Gil v New York City Tr. Auth.


2021 NY Slip Op 05025


Decided on September 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2019-08607
 (Index No. 503760/16)

[*1]Alan Gabriel Gil, appellant, 
v
New York City Transit Authority, et al., respondents.


William Schwitzer & Associates, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for appellant.
Anna Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Johnny Lee Baynes, J.), dated June 20, 2019. The order denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the defendants on the issue of liability and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in an accident involving his vehicle and a bus owned by the defendant New York City Transit Authority and operated by the defendant Jocelyn Wasembeck. After a trial on the issue of liability, the jury returned a verdict in favor of the defendants, finding that they were not negligent. The plaintiff subsequently moved pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial. The Supreme Court denied the motion, and the plaintiff appeals.
Contrary to the plaintiff's contention, the jury verdict was supported by legally sufficient evidence, since there was a valid line of reasoning by which the jury could conclude that the defendants were not negligent (see Cohen v Hallmark Cards, 45 NY2d 493, 499), and the verdict was not contrary to the weight of the evidence, as it was supported by a fair interpretation of the evidence (see Nicastro v Park, 113 AD2d 129, 134).
The plaintiff's contentions regarding summation comments made by the defendants' counsel during the trial are unpreserved for appellate review (see Castillo v MTA Bus Co., 163 AD3d 620).
CHAMBERS, J.P., MILLER, BARROS and IANNACCI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court